UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMET KUKAJ,

                Plaintiff,

-against-

TOWN OF EASTCHESTER, et al.,

                Defendants.

**ORDER**

24-CV-08942 (PMH)

PHILIP M. HALPERN, United States District Judge:

    On September 4, 2024, Ismet Kukaj ("Plaintiff") commenced an action in the Supreme Court of the State of New York, County of Bronx against the Town of Eastchester, the Eastchester Police Department, Sergeant Robert Krause, Sergeant Richard Biagi, Officer John Blume i/s/h/a Officer Blume, Officer Brian Donovan, and Officer Michael Pascale i/s/h/a Officer M. Pascale (collectively, "Defendants") by filing a Summons and Complaint. (Doc. 1, "Not." ¶ 2; Doc. 1-1, "Compl."). On November 22, 2024, Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of federal question jurisdiction.

    Plaintiff's Complaint presses the following claims for relief: (1) false arrest under state law; (2) false imprisonment under state law; (3) assault under state law; (4) malicious prosecution under state law; (5) intentional infliction of emotional distress under state law; (6) negligent infliction of emotional distress under state law; (7) unlawful seizure of property under state law; (8) right to record and violations of the First Amendment under 42 U.S.C. §1983; (9) unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983; (10) excessive force in violation of the Fourteenth Amendment under 42 U.S.C. § 1983; (11) failure to intervene in violation of 18 U.S.C. § 242 and 42 U.S.C. § 1983; (12) malicious prosecution in violation of the Fourth Amendment under 42 U.S.C. § 1983; and (13) *Monell* liability. (*See* Compl.).

Plaintiff, on December 11, 2024, filed a motion to remand this case to state court. (Doc. 3). Defendants opposed on December 27, 2024 (Docs. 6, 7, 8), and the motion was fully briefed with the filing of Plaintiff's reply on January 3, 2025 (Doc. 9).

For the reasons set forth below, Plaintiff's motion to remand this action to state court is DENIED.

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

Plaintiff first argues that this action should be remanded to state court because he did not receive timely notice of the removal and Defendants failed to file the Notice of Removal with the state court. Defendants must "[p]romptly after the filing of [a] notice of removal . . . give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d). Though Section 1446(d) does not define "promptly," "several courts have held that delays of more than a month in either filing the notice of removal with the state court or providing plaintiffs with written notice do not necessarily require remand." *Ynoa v. Kutner*, No. 10-CV-05398, 2011 WL 1796320, at *2 (S.D.N.Y. May 5, 2011) (collecting cases). Where the delay is relatively short, and no action is taken by the state court between the time of actual removal and the time of the requisite notice, the alleged defect is harmless and, not being jurisdictional, creates no basis for remand. See *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) (36-day delay); *Almonte*, 462 F. Supp. 3d at 366 (34-day delay); *Ynoa*,

2

2011 WL 1796320, at *3 (approximately 45-day delay); *McCall v. Greyhound Lines, Inc.*, No. 98-CV-07586, 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11, 1998) (17-day delay). Federal courts, in this Circuit, obtain jurisdiction when the notice of removal is filed with the federal court. *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 (S.D.N.Y. 2020). Thus, "[f]ailure to promptly file a notice with the state court under Section 1446(d) is not a jurisdictional defect, and, therefore, is waivable." *Id*. at 365.

Here Plaintiff, by his own admission, received notice of the removal electronically on November 22, 2024, contemporaneously with Defendants' filing of the Notice of Removal in this Court. (Pl. Br. at 4 ¶ 7; *id.* at 10-16). Plaintiff therefore had knowledge, as of November 22, 2024, that Defendants had removed the case to this Court. Plaintiff also states that he obtained a copy of the Notice of Removal from the Office of the Clerk of Court on December 2, 2024. (*Id.* at 4 ¶ 7; *id.* at 18). Moreover, Plaintiff received, on December 5, 2024, a notice addressed to the state court's clerk's office dated December 2, 2024, which was mailed to him by Defendants advising that they removed the action to this Court. (*Id.* at 4-5 ¶¶ 9-10; *id.* at 20-22). Under these circumstances, remand is not warranted based upon any purported delay in providing notice of the removal.

Plaintiff further argues that Defendants failed to comply with the "unanimity rule." When a civil action is removed solely on federal-question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Notice of Removal indicates that all Defendants, through counsel, petitioned to remove the action. (Not. at 1, 3). At the time of filing, all Defendants that had been served joined in the Notice of Removal. *See Maddaloni Jewelers, Inc. v Rolex Watch U.S.A., Inc.*, 02-CV-06438, 2002 WL 31509881 at *3 (S.D.N.Y. Nov. 6, 2002) (explaining that the Second Circuit has held that "the commencement of the removal period [can] only be triggered by formal service of

3

process, regardless of whether the statutory phrase or otherwise hints at some other proper means of receipt of the initial pleading." (quotation marks omitted)). In any event, on January 16, 2025, defense counsel filed a letter to reiterate that they represent all Defendants in both an individual and official capacity and accept service on behalf of all Defendants (noting that Sergeant Robert Krause, Sergeant Richard Biagi, the Town of Eastchester, and the Eastchester Police Department had not been properly served with process). (Doc. 11).

Plaintiff's suggestion that a conflict of interest exists that precludes counsel from representing the individual Defendants in both an individual and official capacity is unfounded. "[C]ase law requires a 'strong possibility of conflict,' . . . or an 'imminent threat of serious conflict,' before disqualification is triggered." *Nolan v. City of New York*, --- F. Supp. 3d. ---, No. 23-CV-03147, 2024 WL 4575374, at *6 (S.D.N.Y. Oct. 25, 2024). "When a municipality and its employees are sued, the municipality will generally provide legal representation for itself and the employees." *Manfredi v. Town of Greenburgh*, No. 08-CV-07572, 2009 WL 10739943, at *2 (S.D.N.Y. Apr. 3, 2009); *Dunton v. Suffolk Cnty., State of N.Y.*, 729 F.2d 903, 907 (2d Cir. 1984) ("Municipalities commonly provide counsel for their employees and themselves when both municipality and employee are sued."). As Defendants have put forward a "unified theory of defense" that includes qualified immunity for all individual Defendants (*see* Doc. 5; Doc. 10), no conflict of interest has "materialized." *Nolan*, 2024 WL 4575374 at *6. Simply put, remand is not warranted based upon any purported failure to comply with the unanimity rule.

Removal is proper under federal question jurisdiction as Plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "An action arises under federal law if the complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

4

law.'" *Suarez v. Marcus*, No. 20-CV-11051, 2021 WL 603048, at *2 (S.D.N.Y. Feb. 12, 2021) (quoting *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007)).

Federal question jurisdiction exists here as Plaintiff pleads violations of his First, Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. In addition to original jurisdiction over Plaintiff's federal claims, pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over all related state law claims. *See NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1020 (2d Cir. 2014) (noting that 28 U.S.C. § 1367 provides for supplemental jurisdiction over claims related to one giving rise to original jurisdiction).

Accordingly, removal is proper and Plaintiff's motion to remand is therefore DENIED.

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to remand this action to state court is DENIED.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 3.

Dated: White Plains, New York
January 23, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

5