UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMET KUKAJ,

                Plaintiff,

-against-

TOWN OF EASTCHESTER, et al.,

                Defendants.

**ORDER**

24-CV-08942 (PMH)

PHILIP M. HALPERN, United States District Judge:

      On September 4, 2024, Ismet Kukaj ("Plaintiff"), proceeding *pro se*, commenced an action in the Supreme Court of the State of New York, County of Bronx against the Town of Eastchester, the Eastchester Police Department, Sergeant Robert Krause, Sergeant Richard Biagi, Officer John Blume i/s/h/a Officer Blume, Officer Brian Donovan, and Officer Michael Pascale i/s/h/a Officer M. Pascale (collectively, "Defendants") by filing a Summons and Complaint. (Doc. 1, "Not." ¶ 2; Doc. 1-1, "Compl."). Plaintiff's Complaint presses the following claims for relief: (1) false arrest under state law; (2) false imprisonment under state law; (3) assault under state law; (4) malicious prosecution under state law; (5) intentional infliction of emotional distress under state law; (6) negligent infliction of emotional distress under state law; (7) unlawful seizure of property under state law; (8) right to record and violations of the First Amendment under 42 U.S.C. § 1983; (9) unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983; (10) excessive force in violation of the Fourteenth Amendment under 42 U.S.C. § 1983; (11) failure to intervene in violation of 18 U.S.C. § 242 and 42 U.S.C. § 1983; (12) malicious prosecution in violation of the Fourth Amendment under 42 U.S.C. § 1983; and (13) *Monell* liability. (*See* Compl.).

      On November 22, 2024, Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of federal question jurisdiction. (*See* Not.). On January 23,

2025, the Court denied Plaintiff's motion to remand this action to state court (Doc. 13), and on February 14, 2025, pursuant to the briefing schedule set by the Court, Defendants moved to dismiss the Complaint (Doc. 14; Doc. 16, "Def. Br."). Plaintiff opposed on March 14, 2025 and cross-moved for leave to amend the Complaint. (Doc. 17; Doc. 18, "Pl. Aff."). Defendants filed reply on April 3, 2025. (Doc. 21, "Reply").

For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART and Plaintiff's cross-motion to file an amended complaint is GRANTED.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A claim is plausible on its face "when the [] ple[d] factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because pro se plaintiffs "are often 'unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

### I. Claims for Relief Against Eastchester Police Department

Defendants argue that Plaintiff's claims against the Eastchester Police Department must be dismissed because it lacks capacity to be sued. (Def. Br. at 6). The Court agrees. Agencies or departments that are merely administrative arms of a municipality, like the Eastchester Police Department, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Accordingly, Defendants' motion to dismiss Plaintiff's Complaint as asserted against the Eastchester Police Department is granted.

### II. State Law Claims for Relief One through Five

Defendants argue that Plaintiff's first through fifth claims for relief alleging, under New York law, false arrest, false imprisonment, assault, malicious prosecution and intentional infliction of emotional distress, are barred by the one-year statute of limitations. (Def. Br. at 6-7). Under

4

New York law, there is a one-year statute of limitations for "an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law." N.Y. C.P.L.R. § 215(3); *see Tounkara v. Republic of Senegal*, No. 21-CV-08027, 2023 WL 8592040, at *24 (S.D.N.Y. Dec. 7, 2023) ("The statute of limitations for assault and battery under New York law is one year."), *adopted by* 2023 WL 8936350 (S.D.N.Y. Dec. 27, 2023); *Gallagher v. Directors Guild of Am.*, 144 A.D.2d 261, 262-63 (1st Dep't 1988) (intentional infliction of emotional distress). Plaintiff's claims all accrued on January 26, 2023. (*See generally* Compl.). Indeed, Plaintiff expressly "concede[s] that the New York State law claims – the causes of action one through five – are time barred." (Pl. Aff. at 7).

Accordingly, Defendants' motion to dismiss Plaintiff's first through fifth claims for relief is granted.

III. <u>Sixth and Seventh Claims for Relief</u>

Defendants argue that Plaintiff's remaining state law claims for negligent infliction of emotional distress and unlawful seizure of property are time-barred as to Defendant Town of Eastchester. (Def. Br. 7-8). "In New York, specific procedural requirements govern tort claims that a plaintiff may bring against a municipality." *Hotter v. Schriro*, No. 16-CV-06586, 2018 WL 2081863, at *8 (S.D.N.Y. Mar. 29, 2018) (citing N.Y. Gen. Mun. Law § 50-i(1)(c)). Pursuant to New York General Municipal Law § 50-i(1)(c), "a plaintiff must file a notice of claim within 90 days of when the claim accrued." *Id*. (citing N.Y. Gen. Mun. Law § 50-e(1)(a)). "Furthermore, § 50-i(1)(c) states that a plaintiff must bring the action within one year and 90 days after the happening of the event on which the claim is based." *Id*. (citing N.Y. Gen. Mun. Law § 50-i(1)(c)). Because Plaintiff's claims accrued on January 26, 2023, and he did not commence this action until

August 29, 2024 (*see* Compl.), the sixth and seventh claims for relief as alleged against the Town of Eastchester are dismissed as time-barred.

Defendants further argue that these claims fail on the merits as alleged against all Defendants. (Def. Br. at 8-11, 19-20). With respect to the sixth claim for relief, "a plaintiff alleging negligent infliction of emotional distress must plead 'conduct that was so outrageous and extreme as to support a claim for emotional distress.'" *Brevil v. Cnty. of Rockland*, 15-CV-05103, 2017 WL 4863205, at \*9 (S.D.N.Y. Oct. 26, 2017) (citing *Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73, 83 (1st Dep't 2001)). "[A] plaintiff must allege that []he was owed a duty, that the defendant breached that duty, and that the plaintiff suffered emotional injury as a result;" and "the defendant's conduct must have unreasonably endangered the plaintiff's physical safety." *Id*. Plaintiff's pleading fails to plausibly allege that Defendants owed him a duty that they breached, and that Defendants acted outrageously. (*See generally* Compl.). Thus, the negligent infliction of emotional distress claim is dismissed, but without prejudice to replead—"understanding the difficulty of satisfying the rigorousness of the standards these claims require." *Brevil*, 2017 WL 4863205, at \*9.

With respect to the seventh claim for relief, Plaintiff alleges that in the process of effectuating his arrest, Defendant Sergeant Krause unlawfully seized his cell phone. (Compl. ¶¶ 9, 58-63). Defendants argue that the existence of probable cause, or arguable probable cause, constitute a complete defense to this claim. (Def. Br. at 19-20). Because, as discussed *infra*, Plaintiff is permitted, on consent of Defendants, to file an amended complaint, for the sake of judicial economy, the Court declines to assess whether the defense of probable cause—which applies to several of Plaintiff's federal law claims as well—operates to bar the seventh claim for relief. The motion is therefore denied without prejudice as to the seventh claim for relief.

IV.   Plaintiff's Remaining Federal Claims and Cross-Motion for Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to *pro se* litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [*pro se* complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Rule 15(a)(2) further provides that a party may amend its pleading with the opposing party's written consent. Defendants here provided their written "consent to permit Plaintiff to amend his Complaint with respect to his federal claims." (Reply at 6). Thus, although Defendants originally moved to dismiss Plaintiff's federal claims as well, for the sake of judicial economy, the Court declines to assess the merits of the claims and therefore the motion to dismiss is denied without prejudice as to Plaintiff's federal claims for relief (*i.e.*, the eighth through thirteenth claims for relief) alleged in the Complaint.

Because Defendants provided their written consent to amendment to Plaintiff's federal claims, and because a liberal reading of the Complaint indicates that his state law claims of negligent infliction of emotional distress and unlawful seizure of property may be stated, justice so requires at this early juncture of the case that leave to amend be granted as to those claims for relief.

Granting Plaintiff leave to amend the remainder of his claims, however, would be futile. Specifically, as explained above, Plaintiff's first through fifth claims for relief, and his sixth claim for relief insofar as it is alleged against Defendant Town of Eastchester, are barred by the statute

7

of limitations and amendment could not cure those defects. Accordingly, Plaintiff shall not reassert those claims in the amended pleading. Nor shall Plaintiff reassert claims against the Eastchester Police Department.

Furthermore, Defendants argue, and the Court agrees, that punitive damages are not available for claims asserted against the Town of Eastchester under 42 U.S.C. § 1983. (Def. Br. at 24). Accordingly, Plaintiff's claims, to the extent they assert punitive damages, are dismissed against the Town of Eastchester. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 122 (2d Cir. 2006) ("[A] municipality . . . is immune from a claim for punitive damages . . . ."). Plaintiff therefore shall not reassert any claim for punitive damages against the Town of Eastchester.

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss (Doc. 14) is GRANTED IN PART. Plaintiff's claims against the Eastchester Police Department are dismissed. The first through fifth claims for relief are dismissed, on consent of Plaintiff, as barred by the statute of limitations. The sixth claim for relief is dismissed to the extent it is alleged against the Town of Eastchester. Plaintiff's claims, to the extent they assert punitive damages, are dismissed against the Town of Eastchester.

Plaintiff's cross-motion to file an amended complaint (Doc. 17) is GRANTED. Plaintiff is granted leave to file an amended complaint asserting only claims under 42 U.S.C. § 1983 for violations of the First Amendment, unlawful arrest, excessive force, failure to intervene, malicious prosecution, and *Monell* liability; and state law claims for negligent infliction of emotional distress and unlawful seizure of property. Plaintiff's amended complaint shall be served and filed within thirty days of the date of this Opinion and Order.

The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 14, Doc. 17) and terminate Eastchester Police Department as a defendant in this action.

SO ORDERED.

Dated: White Plains, New York
       May 15, 2025

_____
Philip M. Halpern
United States District Judge