UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMET KUKAJ,

                    Plaintiff,                          **OPINION & ORDER**

          -against-                                     24-CV-08942 (PMH)

TOWN OF EASTCHESTER, et al.,

                    Defendants.

PHILIP M. HALPERN, United States District Judge:

Ismet Kukaj ("Plaintiff"), proceeding *pro se*, brings this action against the Town of Eastchester, Sergeant Robert Krause, Sergeant Richard Biagi, Officer John Blume i/s/h/a Officer Blume, Officer Brian Donovan, and Officer Michael Pascale i/s/h/a Officer M. Pascale (collectively, "Defendants"), alleging violations of his constitutional rights and state law. (Doc. 23, "Am. Compl.").[1] Plaintiff presses claims for: (1) negligent infliction of emotional distress; (2) unlawful seizure of property; (3) right to record and retaliation in violation of the First Amendment under 42 U.S.C. § 1983; (4) unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983; (5) excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; (6) failure to intervene in violation of 18 U.S.C. § 242 and 42 U.S.C. § 1983; (7) malicious prosecution in violation of the Fourth Amendment under 42 U.S.C. § 1983; and (8) *Monell* liability. (*See* Am. Compl.).[2]

---

[1] Citations to specific pages of the Amended Complaint and other filings on the docket correspond to the pagination generated by ECF.

[2] Plaintiff, in the Amended Complaint, states for each of his first seven claims for relief that Defendants "deprived [him] of the rights and immunities guaranteed by the United States Constitution as well as the Constitution of the State of New York." (Am. Compl. ¶¶ 31, 37, 45, 48, 50, 57, 61). The Court, in the Opinion & Order dismissing the original complaint, granted Plaintiff "leave to file an amended complaint asserting only claims under 42 U.S.C. § 1983 for violations of the First Amendment, unlawful arrest, excessive force, failure to intervene, malicious prosecution, and *Monell* liability; and state law claims for negligent infliction of emotional distress and unlawful seizure of property." (Doc. 22, "May 15, 2025 Opinion & Order" at 8). Consequently, to the extent Plaintiff attempts to assert claims inconsistent with the

Before the Court is Defendants' motion to dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) filed on July 21, 2025. (*See* Doc. 26; Doc. 27; Doc. 28 ("Def. Br.")). Plaintiff filed his opposition on August 12, 2025 (Doc. 29, "Pl. Br."), and the motion was fully briefed with the filing of Defendants' reply on August 29, 2025 (Doc. 34, "Reply").

For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

## **<u>BACKGROUND</u>**

For the purposes of deciding the pending motion, the Court accepts as true all the well-pled factual allegations in the Amended Complaint.[3]

Plaintiff, in the Amended Complaint, alleges that he was wrongfully detained and arrested by Defendants while visiting the owner of an establishment in Eastchester, New York. (*See* Am.

---

Court's May 15, 2025 Opinion & Order, such claims are dismissed. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

[3] Plaintiff attaches a number of documents to his opposition brief. (*See* Pl. Br. Exs. A-J). Namely, Plaintiff attaches what he purports to be a certificate of disposition from Eastchester Town Court, correspondence between Plaintiff and the Town of Eastchester regarding a freedom of information request submitted by Plaintiff, a police report from Plaintiff's January 26, 2023 arrest, and correspondence regarding a civilian complaint submitted by Plaintiff to the Eastchester Police Department. (*See id.*). Plaintiff also asserts a host of new factual allegations in his opposition related to these documents including that the Eastchester Police Department has not responded to certain of Plaintiff's letters and denied Plaintiff certain discovery. (*See, e.g.*, *id.* at 1-5). Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *See Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014). However, the new factual allegations contained in Plaintiff's opposition are not consistent with the allegations in the Amended Complaint, and the additional documents attached to Plaintiff's opposition are not referred to in the Amended Complaint, "integral" to the Amended Complaint, or otherwise helpful in deciding the present motion. *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) ("[T]he Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence."). Accordingly, in deciding this motion, the Court does not consider the new factual allegations raised in or the documents attached to Plaintiff's opposition.

Compl. ¶¶ 16-22). Specifically, Plaintiff alleges that on January 26, 2023, at approximately 1:30 a.m., he drove to Sea Flame Steakhouse in Eastchester to "meet with the owner of the establishment." (*Id.* ¶¶ 16-17). When Plaintiff arrived at Sea Flame Steakhouse, multiple police vehicles were parked outside. (*Id.* ¶ 17). Plaintiff, upon exiting his vehicle, was approached by Defendants Blume, Pascale, and a third, unidentified police officer. (*Id.*). These three officers searched Plaintiff, and Plaintiff subsequently consented to a search of his car. (*Id.*). Defendant Krause and another unidentified officer then arrived and Defendants Blume, Pascale, and the first unidentified officer "became increasingly more aggressive" and got "in [Plaintiff's] face." (*Id.*).

Defendant Krause proceeded to seize Plaintiff's cell phone and, after Plaintiff threatened to file a complaint against the officers, arrested Plaintiff. (*Id.* ¶¶ 18-22). Defendant Krause informed Plaintiff that he was being recorded by the officers' body cameras. (*Id.* ¶ 18). Plaintiff, in response, took out his cell phone and informed the officers of his intent to record them. (*Id.*). "Sergeant Krause immediately removed the phone from [Plaintiff's] hands and confiscated it." (*Id.*). Plaintiff requested the return of his cell phone, but the officers refused. (*Id.*). Plaintiff then stated that he planned to "file a complaint against them with the Attorney General and the Westchester District Attorney's Office." (*Id.*). After Plaintiff made this statement, Defendant Krause handcuffed and detained Plaintiff. (*Id.*). Defendant Krause placed Plaintiff in the back of a police car where Plaintiff remained for one hour. (*Id.* ¶ 19). Defendant Krause stated that he was "locking [Plaintiff] up for cursing out my police officers." (*Id.* ¶ 21).

After an hour in the police car, Plaintiff was informed that he would be released. (*Id.* ¶ 22). However, Plaintiff "demanded an apology," or else he "would file the complaint with the Attorney General and the Westchester District Attorney's Office." (*Id.*). The officers attempted "to coerce [Plaintiff] to forego filing any complaints against them in exchange for them dropping the charges

3

against [him]." (*Id.*). Plaintiff did not agree to forego filing a complaint against the officers, and Plaintiff was arrested and taken to the police station. (*Id.*). Plaintiff had not, up to that point, been informed of the charges against him. (*Id.*).

At the police station, Plaintiff was finally informed of the charges against him: menacing and disorderly conduct. (*Id.* ¶ 23). Plaintiff was also informed that the wife of the owner of Sea Flame Steakhouse had made accusations against a guest. (*Id.* ¶ 24). Plaintiff alleges that Officer Brian Donovan, "the original arresting officer," filed a "report despite never interviewing the alleged Complainant," the Sea Flame Steakhouse owner's wife. (*Id.*). Furthermore, "the Complainant never identified [Plaintiff] as the guest she complained against." (*Id.*). Plaintiff also alleges that "the Complainant was intoxicated at the time she made the accusations." (*Id.*). The Complainant allegedly came to the police station to withdraw her complaint, while still intoxicated, four hours after Plaintiff was arrested. (*Id.*). Plaintiff alleges that he was detained for over six hours. (*Id.* ¶ 26). Plaintiff was ultimately charged with disorderly conduct but not menacing. (*Id.* ¶ 25).

Plaintiff further alleges that Defendant Pascale issued Plaintiff a parking ticket on March 15, 2023 at 2:31 a.m. for parking his car overnight outside his house despite there being no signs in the vicinity indicating that overnight parking is not permitted. (*Id.* ¶ 28). Plaintiff alleges that, as a result of these incidents, he has "sought medical advice from licensed doctors and [has] been prescribed medication to manage and treat major depressive disorders such as depression, panic disorder, post-traumatic stress disorder, and social anxiety disorder." (*Id.* ¶ 29).

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 371 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953

5

F.2d 26, 28 (2d Cir. 1991)). However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).[4]

## **ANALYSIS**

I.    Plaintiff's State Law Claims Against the Town of Eastchester

Defendants argue that Plaintiff's state law claims for negligent infliction of emotional distress and unlawful seizure of property against the Town of Eastchester must be dismissed as the

---

[4] Defendants, in their moving brief, argue that the Amended Complaint should "not be afforded the special solicitude afforded to pleadings prepared by *pro se* litigants as it appears to have been drafted with the assistance of counsel." (Def. Br. at 13). When *pro se* submissions are ghostwritten by an attorney, those submissions are not afforded "the special consideration which the courts customarily grant to *pro se* parties." *Spira v. J.P. Morgan Chase & Co.*, 446 F. App'x 20, 22 n.1 (2d Cir. 2012) (quoting *Holtz v. Rockefeller & Co, Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001)). However, the Court cannot conclusively determine that the Amended Complaint was ghostwritten by an attorney and, thus, affords the Amended Complaint the special solicitude afforded to *pro se* submissions. *See West v. City of Hartford*, No. 23-CV-01020, 2024 WL 2113076, at *2 n.1 (D. Conn. May 10, 2024) ("While the quality of Plaintiff's opposition brief was better than the Court has received from other *pro se* litigants, it cannot conclude, on the record before it, that it was *necessarily* drafted with the assistance of an attorney.").

Court already dismissed these claims with prejudice. (Def. Br. at 14). Plaintiff's claim for negligent infliction of emotional distress is pressed against "all defendants"; Plaintiff's claim for unlawful seizure of property is pressed against the "individual defendants," but the paragraphs corresponding to this claim refer to Defendants collectively. (Am. Compl. at 7). Since the Court already dismissed these claims against the Town of Eastchester with prejudice (*see* May 15, 2025 Opinion & Order at 5-6, 8), to the extent Plaintiff pleads claims against the Town of Eastchester for negligent infliction of emotional distress and unlawful seizure of property, such claims are dismissed.

II.    <u>Personal Involvement of Defendant Biagi</u>

Defendants argue that Plaintiff fails to allege the personal involvement of Defendant Biagi in any alleged constitutional violations and, thus, all claims against Defendant Biagi must be dismissed. (Def. Br. at 17-18). The Court agrees.

"[A]s a threshold matter, '[t]o establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Jackson v. Annucci*, No. 20-CV-02008, 2021 WL 2581340, at *5 (S.D.N.Y. June 23, 2021) (second alteration in original) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failure to allege a defendant's personal involvement renders a 'complaint . . . "fatally defective" on its face.'" *Id.* (alteration in original) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). Moreover, "[i]t is well-settled that 'where the complaint names a defendant in the caption, but [contains] no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Taylor v. City of New York*, 953 F. Supp. 95, 98-99 (S.D.N.Y. 1997) (first alteration in original) (quoting *Thomas v. Beth Israel Hosp., Inc.*, 710 F. Supp. 935, 942 (S.D.N.Y. 1989)); *see also Cipriani v. Buffardi*, No. 06-CV-

00889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97-CV-02246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998)) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.").

The Amended Complaint makes no allegations specific to Defendant Biagi. (*See* Am. Compl.). Defendant Biagi is named in the caption of the Amended Complaint, and the Amended Complaint states that Defendant Biagi is, "[u]pon information and belief . . . [a] resident[] of Westchester County." (*Id.* ¶ 13). This is insufficient to allege the personal involvement of Defendant Biagi in any of Plaintiff's claims. *See Taylor*, 953 F. Supp. at 99. Accordingly, all claims against Defendant Biagi are dismissed.

III.    First Claim for Relief: Negligent Infliction of Emotional Distress

Defendants, with respect to Plaintiff's negligent infliction of emotional distress claim, argue that Plaintiff fails to plead: (1) extreme and outrageous conduct; and (2) a duty owed to him by Defendants, let alone a breach of any duty, which is required to plead a negligent infliction of emotional distress claim under a direct duty theory. (Def. Br. at 15-16). The Court agrees.

To state a claim for negligent infliction of emotional distress under New York law, Plaintiff must plead: "(1) extreme and outrageous conduct; (2) a causal connection between the conduct and the injury; and (3) severe emotional distress." *Truman v. Brown*, 434 F. Supp. 3d 100, 122 (S.D.N.Y. 2020) (quoting *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015)). In addition to satisfying those three elements, Plaintiff must also allege "facts making out one of three 'theories': (1) a bystander theory, (2) a direct duty theory, or (3) a special circumstances theory." *Id.* at 122-23 (citing *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000)). The bystander theory, premised on "witnessing the death or serious bodily injury of a member of [one's]

8

immediate family," *id.* at 123 (quoting *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996)), does not apply here. The special circumstances theory, which has only been recognized in "limited contexts," such as a hospital "negligently informing an individual that her parent had died," *id.*, also does not apply here. The only theory which could apply to Plaintiff's claim is the direct duty theory, which requires Plaintiff to allege that he "suffer[ed] an emotional injury from defendant's breach of a duty which unreasonably endangered [his] own physical safety." *Id.* (quoting *Mortise*, 102 F.3d at 696).

The conduct Plaintiff complains of—Defendants "continually being in his face," handcuffing him, placing him in a police vehicle, and arresting him—does not constitute "outrageous conduct." *See Berrio v. City of New York*, No. 15-CV-09570, 2017 WL 118024, at *6 (S.D.N.Y. Jan. 9, 2017) ("[C]ourts in this Circuit have dismissed claims based on unlawful arrests as insufficiently 'outrageous' or 'extreme.'"). Plaintiff, in the Amended Complaint, also does not allege any duty owed to him by the Defendant officers to state a claim for negligent infliction of emotional distress under a direct duty theory. *See Green*, 96 F. Supp. 3d at 299 ("Plaintiffs have alleged no such duty that the Defendant Police Officers specifically owed them, and therefore they fail to state a claim under the direct duty theory.").

Accordingly, Plaintiff's claim for negligent infliction of emotional distress is dismissed.

IV.    <u>Second Claim for Relief: Unlawful Seizure of Property</u>

Defendants argue that Plaintiff's unlawful seizure of property claim fails because Plaintiff: (1) does not plead the personal involvement of Defendants Blume, Pascale, or Donovan; and (2) Defendant Krause had probable cause or, in the alternative, qualified immunity to arrest Plaintiff. (Def. Br. at 19-20). Defendant Krause argues that he was "locking [Plaintiff] up for cursing out

my police officers," which constitutes disorderly conduct and, thus, Defendant was authorized to seize Plaintiff's cell phone incident to his arrest. (*Id.* at 21).

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *McCrae v. Town of Brookhaven*, 759 F. Supp. 3d 372, 390 (E.D.N.Y. 2024) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). However, "a search incident to an arrest based on probable cause 'is a reasonable intrusion under the Fourth Amendment' and 'requires no additional justification." *Qing You Li v. City of New York*, No. 16-CV-00174, 2018 WL 6251339, at *4 (E.D.N.Y. Nov. 28, 2018) (quoting *United States v. Koron*, 101 F.3d 682, at *2 (2d Cir. 1996)). "An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (first citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975); and then citing *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)).

Plaintiff does not plead any facts that show Defendants Blume, Pascale, or Donovan were involved in the seizure of his cell phone. Plaintiff alleges that Defendants Blume and Pascale were present when Plaintiff arrived at Sea Flame Steakhouse and were "in his face." (Am. Compl. ¶ 17). This is insufficient to allege these Defendants' personal involvement in the seizure of his cell phone. *See, e.g.*, *Snead v. City of New York*, 463 F. Supp. 3d 386, 398 (S.D.N.Y. 2020) ("An officer's mere presence at the scene of a stop or arrest generally does not constitute sufficient personal involvement . . . ."); *Arbuckle v. City of New York*, No. 14-CV-10248, 2016 WL 5793741, at *13 (S.D.N.Y. Sept. 30, 2026) ("Simply being present at the scene of an arrest does not suffice for personal involvement."). Likewise, Plaintiff alleges that Defendant Donovan was "the original arresting officer" and "filed the report," (Am. Compl. ¶ 24), but does not allege anywhere in the

10

Amended Complaint that Defendant Donovan was actually present at the scene of his arrest.[5] Thus, Plaintiff's unlawful seizure of property claim is dismissed as to Defendants Blume, Pascale, and Donovan.

Defendants argue that Defendant Krause had probable cause to seize Plaintiff's cell phone incident to his arrest because, as alleged in the Amended Complaint, Defendant Krause stated that he was "locking [Plaintiff] up for cursing out my police officers" which constitutes disorderly conduct under New York law. (Def. Br. at 21-22). Plaintiff, however, does not allege that he actually "cursed out" any officers nor that Defendant Krause actually believed his own statement to be true. (*See* Am. Compl.). The Court also notes that Plaintiff alleges that Defendant Krause seized Plaintiff's cell phone prior to his arrest and Defendant Krause initiated Plaintiff's arrest only after Plaintiff threatened to file a complaint against the officers. (*Id*. ¶ 18). Accordingly, Defendant Krause's statement that he was arresting Plaintiff for "cursing out [his] police officers" does not support a finding that Defendant Krause was "in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti*, 124 F.3d at 128. Thus, Plaintiff's unlawful seizure of property claim does not fail as against Defendant Krause on the basis that Defendant Krause had probable cause to arrest Plaintiff.

Defendants further argue that Defendant Krause's actions are protected by the doctrine of qualified immunity. (Def. Br. at 20). While qualified immunity is ordinarily an affirmative defense

---

[5] Plaintiff's assertion that Defendant Donovan was the "original arresting officer" is inconsistent with the more specific factual assertions in the Amended Complaint that Defendant Krause actually handcuffed and arrested Plaintiff. (*Compare id*. ¶ 24, with *id*. ¶ 18). The Second Circuit "has recognized an exception to the rule that a court must accept all factual assertions as true when attenuated allegations supporting the claim are contradicted by more specific allegations in the Complaint or when a claim is based on wholly conclusory and inconsistent allegations." *Grant v. Cnty. of Erie*, 542 F. App'x 21, 23 (2d Cir. 2013). Accordingly, the Court does not accept Plaintiff's attenuated assertion that Defendant Donovan was "the original arresting officer," as it is contradicted by the more specific factual assertions in the Complaint that Defendant Krause was the original arresting officer.

asserted in an answer, a defendant can properly raise a qualified immunity defense in a pre-answer 12(b)(6) motion to dismiss. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). A 12(b)(6) motion based on qualified immunity may be granted if "the facts supporting the defense appear on the face of the complaint." *Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015) (quoting *McKenna*, 386 F.3d at 435-36). A defendant bears the burden of establishing that he is entitled to qualified immunity. *Gardner v. Murphy*, 613 F. App'x 40, 41 (2d Cir. 2015) (citing *Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013)). Consequently, when a defendant raises a qualified immunity defense in a 12(b)(6) motion to dismiss, the defendant must accept that "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Hyman*, 630 F. App'x at 42 (quoting *McKenna*, 386 F.3d at 436). Thus, "[a]t the motion to dismiss stage, the qualified immunity defense 'faces a formidable hurdle . . . and is usually not successful' because it is the *defendant* that must plead and prove the defense." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (second alteration in original) (quoting *Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 111 (2d Cir. 2020)).

The doctrine of qualified immunity protects officials from liability for civil damages when, "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (quoting *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 59 (2d Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). If

an official's belief that his or her action does not violate clearly established law is "objectively reasonable," he or she is shielded from liability by qualified immunity. *Cooper v. City of New Rochelle*, 925 F. Supp. 2d 588, 608 (S.D.N.Y. 2013).

Defendants argue that Defendant Krause is entitled to qualified immunity because his "conduct was reasonable . . . based upon [Plaintiff's] conduct, cursing out the Officers, and the report of the complaining witness . . . ." (Def. Br. at 23). However, the Amended Complaint does not allege that Plaintiff in fact cursed out any officers. (*See* Am. Compl.). Nor does the Amended Complaint sufficiently allege when Defendants became aware of the accusations made by the Sea Flame Steakhouse owner's wife or the nature of the accusations to allow the Court to determine that it was "objectively reasonable" for Defendant Krause "to believe that his action did not violate" clearly established law. *Garcia*, 779 F.3d at 92 (quoting *Russo*, 479 F.3d at 211). The Amended Complaint alleges only that Plaintiff was made aware of these accusations upon arrival at the police station, well after Defendant Krause seized his cell phone. (*See* Am. Compl. ¶ 24). Thus, it is unclear, as alleged in the Amended Complaint, if Defendant Krause was aware that an accusation had been made against a guest of Sea Flame Steakhouse or that Defendant Krause reasonably believed that Plaintiff was that guest at the time he arrested Plaintiff. Accordingly, the Court cannot find at this juncture that Defendant Krause is protected by qualified immunity.[6]

---

[6] The Court notes that Plaintiff attaches as an exhibit to his opposition what appears to be police reports from the incident which led to Plaintiff's arrest. (*See* Def. Br. Ex. C). Defendant Krause, in these documents, purportedly writes that he was responding to a 911 call and interviewed an eyewitness who stated that Plaintiff was in a physical altercation and in possession of a firearm. (*See id.* at 28-29). These facts, if true, would strongly support a finding of probable cause or, at a minimum, qualified immunity to arrest Plaintiff. *See Goldberg v. Town of Glastonbury*, 453 F. App'x 40, 42 (2d Cir. 2011); *Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 241 (S.D.N.Y. 2014). However, the Court is constrained from considering these documents on the instant motion. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995) (stating that a plaintiff does not necessarily "adopt as true the full contents of any document attached to a complaint or adopted by reference.").

V.    Third Claim for Relief: First Amendment Right to Record and Retaliation

Defendants argue that Plaintiff fails to state a claim for violations of his First Amendment rights because: (1) Plaintiff does not sufficiently allege the personal involvement of Defendants Blume, Pascale, or Donovan; (2) Plaintiff's First Amendment rights were not chilled; and (3) Defendant Krause had probable cause or, at the very least, qualified immunity to seize Plaintiff's cell phone incident to his arrest. (Def. Br. at 18; Reply at 4-5).

"Neither the Supreme Court nor Second Circuit precedent has squarely established that an individual who is the subject of police activity has the right to record police performing their official duties." *Adamides v. Warren*, No. 21-CV-06613, 2022 WL 2788435, at *10 (W.D.N.Y. July 15, 2022) (quoting *Picardo v. Torneo*, No. 16-CV-01564, 2019 WL 4931353, at *4 (D. Conn. 2019)). However, several circuit courts and many district courts in this district that have addressed this issue "concluded that the First Amendment protects the right to record police officers performing their duties in a public space, subject to reasonable time, place and manner restrictions." *Id.* (quoting *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 379 (S.D.N.Y. 2015)); *see also Reyes v. City of New York*, No. 23-CV-06369, 2023 WL 7212192, at *5 (S.D.N.Y. Nov. 2, 2023) ("[R]ecording police performing their official duties in public is protected under the First Amendment.").

To state a claim for First Amendment retaliation, a plaintiff must allege that: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) (citing *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998)). Additionally, "private citizens claiming retaliation for their criticism of public officials have been required to show that they suffered an

'actual chill' in their speech as a result." *Zherka v. Amicone*, 634 F.3d 642, 645 (2d Cir. 2011) (citing *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004)).

The Court agrees with Defendants that Plaintiff does not sufficiently plead the involvement of Defendants Blume, Pascale, or Donovan in any alleged First Amendment violations stemming from Plaintiff's arrest. Indeed, Plaintiff, in the Amended Complaint, alleges that Defendant Krause seized his cell phone and arrested Plaintiff after he threatened to file a complaint against the officers, (Am. Compl. ¶ 18), but makes no similar allegations regarding Defendants Blume, Pascale, or Donovan. Plaintiff does allege that, roughly two months after his arrest, Defendant Pascale, for seemingly no reason, issued him a parking ticket. (*Id.* ¶ 28). However, Plaintiff does not explain how receiving a parking ticket actually chilled the exercise of his First Amendment rights. *Zherka*, 634 F.3d at 645. Plaintiff does not plead any actions taken by Defendants Blume or Donovan in relation to his First Amendment claim. *See Snead*, 463 F. Supp. 3d at 398. Accordingly, Plaintiff's First Amendment claim is dismissed as to Defendants Blume, Pascale, and Donovan.

Defendants argue, with respect to Defendant Krause, that Defendant Krause had probable cause to seize Plaintiff's cell phone incident to his arrest and alternatively that Defendant Krause is protected by the doctrine of qualified immunity. (Def. Br. at 20). Defendants also argue that Plaintiff does not properly allege that Defendant Krause's actions "chilled the exercise of his First Amendment rights." (Reply at 9). Generally, probable cause will defeat a First Amendment retaliation claim. *See Higginbotham v. Sylvester*, 741 F. App'x 28, 31 (2d Cir. 2018); *but see Lozman v. City of Riviera Beach*, 585 U.S. 87, 101 (2018) ("[Plaintiff] need not prove the absence of probable cause to maintain a claim of retaliatory arrest against the City."). However, probable cause and qualified immunity do not warrant dismissal of Plaintiff's First Amendment claim for the same reasons that probable cause and qualified immunity do not warrant dismissal of Plaintiff's

15

unlawful seizure of property claim. *Accord Novak v. City of New York*, No. 25-CV-03734, 2026 U.S. Dist. LEXIS 21521, at *28-30 (S.D.N.Y. Feb. 2, 2026) (denying motion to dismiss First Amendment retaliation claim where Defendants did "not establish[] that they had probable cause to arrest" and had "not even established that they had arguable probable cause to arrest."). Moreover, Plaintiff does plausibly allege that Defendant Krause chilled the exercise of his First Amendment right to record by seizing his cell phone, preventing Plaintiff from recording the officers in violation of Plaintiff's "right to record police performing their official duties." *Adamides*, 2022 WL 2788435, at *10.

Accordingly, Plaintiff's First Amendment claim is dismissed as to Defendants Blume, Pascale, and Donovan, but will proceed against Defendant Krause.

VI.     Fourth Claim for Relief: False Arrest

Defendants argue that Plaintiff's false arrest claim fails because: (1) Plaintiff does not sufficiently allege the personal involvement of Defendants Blume, Pascale, or Donovan; and (2) Defendant Krause had probable cause or, in the alternative, qualified immunity to arrest Plaintiff. (Def. Br. at 12-14).

To plead a claim for false arrest, a Plaintiff must allege sufficient facts to establish that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Barkai v. Mendez*, 629 F. Supp. 3d 166, 190 (S.D.N.Y. 2022) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). "A confinement is privileged if probable cause existed at the time of the arrest. Thus, a claim for false arrest must fail if probable cause to arrest existed." *Id.* (quoting *Martinetti v. Town of New Hartford Police Dep't*, 112 F. Supp. 2d 251, 252 (N.D.N.Y. 2000)).

16

The Court agrees that Plaintiff does not sufficiently plead the personal involvement of Defendants Blume, Pascale, and Donovan to state a claim for false arrest. While Defendants Blume and Pascale were present for Plaintiff's arrest, Plaintiff does not plead any involvement by these defendants in the arrest. *See, e.g.*, *Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 410 ("There is no evidence in the record that [defendant] identified Plaintiff; ordered his arrest; assisted others in his arrest; touched, searched, or spoke to Plaintiff; processed any of his arrest paperwork; or had any involvement whatsoever in – beyond physical proximity to – Plaintiff's arrest."). Plaintiff does not even allege that Defendant Donovan was present at Sea Flame Steakhouse when Plaintiff was arrested. (*See* Am. Compl.); *see also Drayton v. City of New York*, No. 17-CV-07091, 2020 WL 2615930, at *5 (E.D.N.Y. May 20, 2020) (dismissing false arrest claim where the defendant "was absent from the scene when [Plaintiff] was arrested and apart from [the defendant's] signature on [Plaintiff's] arrest paperwork, [the defendant] was uninvolved in [Plaintiff's] arrest.").

However, Plaintiff does plausibly plead a false arrest claim against Defendants Krause. Defendants admit that Plaintiff satisfies the first three elements necessary for a false arrest claim but argue that Plaintiff does not sufficiently plead his "confinement was not otherwise privileged." (Def. Br. at 21). Having already rejected Defendants' argument that Defendant Krause had probable cause to arrest Plaintiff, the Court cannot say that Plaintiff's confinement was not otherwise privileged or that Defendants Krause is entitled to qualified immunity at this stage.

Thus, Plaintiff's false arrest claim is dismissed as to Defendants Blume, Pascale, and Donovan, but will proceed against Defendant Krause.

VII.    <u>Fifth Claim for Relief: Excessive Force</u>

Defendants next argue that Plaintiff's excessive force claim should be dismissed because: (1) Plaintiff fails to allege that Defendants Blume, Pascale, or Donovan used any force against

him; and (2) Plaintiff alleges only a *de minimis* use of force by Officer Krause. (Def. Br. at 23-24). The Court agrees.

Plaintiff's excessive force claim is "analyzed under the reasonableness standard of the Fourth Amendment." *Basora v. City of Poughkeepsie*, No. 22-CV-03300, 2025 WL 50322, at *3 (S.D.N.Y. Jan. 8, 2025) (citing *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019)). Under that standard, "[p]olice officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motive.'" *Id.* (quoting *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004)). "[A] *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (citing *Hudson v. McMillian*, 503 U.S. 1, 10 (1992)).

The only force alleged in the Amended Complaint is that Defendant Krause handcuffed Plaintiff. (*See* Am. Compl. ¶ 18). Defendant Krause simply placing handcuffs on Plaintiff, as alleged in the Amended Complaint, is a *de minimis* use of force insufficient to support a claim for excessive force especially given that Plaintiff does not even allege a resultant injury. *See DiDonna v. Maas*, No. 22-CV-05417, 2024 WL 5202239, at *8 (S.D.N.Y. Dec. 23, 2024) ("In order to be actionable, the injuries [from handcuffs] must be more than *de minimis*." (citing *Morgan v. City of New York*, No. 17-CV-06454, 2021 WL 2207002, at *5 (E.D.N.Y. Mar. 25, 2021)). Plaintiff also alleges verbal harassment by Defendants Pascale and Blume. (*See* Am. Compl. ¶ 17). However, "verbal harassment, absent 'any appreciable injury,' cannot support an excessive force claim." *Gerard v. City of New York*, 843 F. App'x 380, 382 (2d Cir. 2021) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)).

Accordingly, Plaintiff's excessive force claim is dismissed against all Defendants.

VIII.    Sixth Claim for Relief: Failure to Intervene

Defendants argue that: (1) Plaintiff's failure to intervene claim "is pled in a vague and conclusory fashion and must be dismissed against all Defendants"; and (2) because Plaintiff fails to plead any underlying constitutional violations, his failure to intervene claim should be dismissed. (Def. Br. at 25-28).

"An officer may be liable for failure to intervene under Section 1983 where (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Werkheiser v. Cnty. of Broome*, 655 F. Supp. 3d 88, 108 (N.D.N.Y. 2023) (quoting *Gerasimou v. Cillis*, No. 15-CV-06892, 2022 WL 118748, at *5 (E.D.N.Y. Jan 12, 2022)) (citation modified). Moreover, a "failure to intervene claim is contingent upon the disposition of the primary claims underlying the failure to intervene claim." *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443-44 (E.D.N.Y. 2012). A defendant "cannot be liable for both the underlying constitutional deprivation and a failure to intervene to stop themselves from committing that violation." *Buari v. City of New York*, 530 F. Supp. 3d 356, 392 (S.D.N.Y. 2021).

Having already dismissed Plaintiff's excessive force claim, Plaintiff does not state a claim on a failure-to-intervene theory of liability against any Defendants. *Matthews*, 889 F. Supp. 2d at 443-44. As to the remaining extant claims against Defendant Krause, Plaintiff's unlawful seizure of property, First Amendment, and false arrest claims are, however, proceeding. Accordingly, Plaintiff cannot assert these claims against Defendant Krause premised on a failure-to-intervene theory of liability because, as alleged in the Amended Complaint, Defendant Krause participated directly in the constitutional deprivations. *Buari*, 530 F. Supp. 3d at 392.

19

Defendants also argue that Plaintiff's failure to intervene claim suffers from group pleading. (Def. Br. at 27-28). The Court agrees. Plaintiff does not allege any actions taken, or that should have been taken, by any specific Defendant when Defendant Krause took Plaintiff's phone and subsequently arrested him. Instead, "Plaintiff resorts to conclusory generalized allegations asserting [his] failure to intervene claim against every single Defendant and refers to the numerous defendants collectively. Such conclusory and generalized allegations do not give any of the Defendants 'fair notice of what [Plaintiff's] claim is and the grounds upon which it rests.'" *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 619 (E.D.N.Y. 2017) (second alteration in original) (quoting *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 212 (N.D.N.Y. 2008)); (*see also, e.g.*, Am. Compl. ¶ 18 ("[N]either Sergeant Krause nor any of the other officers present restored the cell phone to my possession.")).

Accordingly, Plaintiff's failure to intervene claim is dismissed.

IX.     Seventh Claim for Relief: Malicious Prosecution

Defendants argue that Plaintiff's malicious prosecution claim should be dismissed because: (1) Plaintiff fails to allege any role by Defendants Blume or Pascale in his prosecution; and (2) Plaintiff alleges that Defendants Krause and Donovan arrested him, but does not allege that they "continued a criminal proceeding against him nor that they did so with malice." (Def. Br. at 28-29).

To state a claim for malicious prosecution, a Plaintiff must plead: (1) "the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Kee v. City of New York*, 12 F.4th 150, 161 (2d Cir. 2021) (quoting *Smith-Hunter v. Harvey*, 734 N.E.2d 750, 752 (N.Y. 2000)).

20

Here, Plaintiff fails to allege in the Amended Complaint that any of the Defendants initiated and continued a criminal proceeding against him. "While police officers do not generally 'commence or continue' criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer is found to 'play[] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (alteration in original) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010)). Plaintiff alleges that Defendants Krause arrested him, (Am. Compl. ¶ 18), but Plaintiff does not allege that Defendant Krause was involved in any manner in the criminal proceedings against him. *Accord Thomsen v. City of New York*, No. 15-CV-02668, 2016 WL 590235, at *8 (S.D.N.Y. Feb. 11, 2016) ("[Defendant's] conduct in arresting [Plaintiff] . . . does not rise to the level of an 'active role' in the prosecution."). Plaintiff also alleges that Defendant Donovan "filed the report," (Am. Compl. ¶ 24), but he does not specify what this report was or if it was in any way related to his prosecution.

Accordingly, Plaintiff's claim for malicious prosecution is dismissed.

X.    Eighth Claim for Relief: *Monell* Liability

Defendants argue that Plaintiff's *Monell* claim should be dismissed because Plaintiff "does not allege an underlying constitutional violation, and his allegations are entirely conclusory." (Def. Br. at 29).

"It is well established that a municipality may not be held liable under Section 1983 for alleged unconstitutional actions by its employees below the policy-making level solely upon the basis of respondeat superior." *Ukeje v. N.Y.C. Health & Hosps. Corp.*, 821 F. Supp. 2d 662, 669 (S.D.N.Y. 2011) (citing *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658 (1978)). Rather, to prevail on a *Monell* claim against a municipality "the plaintiff must plead and prove that

the violation of constitutional rights resulted from a municipal custom or policy." *Id.* at 670 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-83 (1986)). Thus, to assert a *Monell* claim against a municipality a plaintiff must plausibly allege and ultimately prove three things: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

Plaintiff pleads his *Monell* claim against "all defendants." (Am. Compl. at 13). However, "a *Monell* claim cannot be pleaded against an individual. . . . And a *Monell* claim asserted against an individual defendant acting in her official capacity is treated as a suit against the municipality." *Barrera v. N.Y.C. Dep't of Educ.*, No. 24-CV-07194, 2025 WL 3211802, at \*8 (S.D.N.Y. Nov. 17, 2025) (first citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991); and then citing *Perez v. Annucci*, No. 18-CV-00147, 2019 WL 1227801, at \*4 (S.D.N.Y. Mar. 15, 2019)). Therefore, to the extent Plaintiff attempts to plead a *Monell* claim against the individual defendants, such claim is dismissed.

Regardless, Plaintiff alleges no facts to establish a custom, pattern, practice, or procedure on the part of any of the Defendants in "hiring and/or retaining police officers whom they know to have committed acts of violence, including crimes, and/or have a propensity to do so." (Am. Compl. ¶ 63). Plaintiff alleges that he was arrested and later issued a parking ticket by one of the same officers who was present for his arrest. (Am. Compl. ¶¶ 22-23, 28). This is not sufficient to state a claim under *Monell*. *See, e.g.*, *Riccio v. Town of Old Saybrook*, No. 21-CV-00821, 2022 WL

22

4585650, at *3 (D. Conn. Sept. 29, 2022) ("Courts in this Circuit have regularly found that such conclusory allegations fail to allege a *Monell* claim."); *Gerardi v. Huntington Union Free Sch.*, 124 F. Supp. 3d 206, 226 (E.D.N.Y. 2015) ("Plaintiff's allegation that the District had a 'widespread or persistent' policy of gender discrimination in its hiring process [is] conclusory and unsupported by the record and, therefore, insufficient to establish *Monell* liability.").

Accordingly, Plaintiff's *Monell* claim is dismissed.

XI.    Punitive Damages

Defendants argue that Plaintiff fails to allege the "evil motive or intent" or "reckless and callous indifference" necessary to recover punitive damages against the individual defendants. (Def. Br. at 31). "[R]eckless or callous disregard for [a] plaintiff's rights, as well intentional violations of federal law," are "sufficient to trigger a jury's consideration of the appropriateness of punitive damages." *Smith v. Wade*, 461 U.S. 30, 51 (1983). Here, Plaintiff alleges that Defendant Krause intentionally disregarded his First Amendment rights and falsely arrested him. (*See* Am. Compl.). Since Plaintiff plausibly alleges claims for unlawful seizure of property, First Amendment violations, and false arrest against Defendant Krause, it is premature to dismiss his request for punitive damages at this stage. *See, e.g.*, *Kinnel v. Barton*, No. 24-CV-01701, 2025 WL 2694859, at *7 (D. Conn. Sept. 22, 2025) ("Since Plaintiff may proceed on his Eighth Amendment excessive force claim against [the defendant], it is premature to dismiss his request for punitive damages on that claim.").

## CONCLUSION

For the reasons stated in this Opinion & Order, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's First, Fifth, Sixth, Seventh, and Eighth claims for relief are dismissed against all Defendants. Plaintiff's Second, Third, and Fourth claims for relief are

23

dismissed as against Defendants Biagi, Pascale, Blume, and Donovan, but will proceed against Defendant Krause.

Accordingly, Defendants Blume, Biagi, Pascale, Donovan, and the Town of Eastchester are dismissed from this action. Plaintiff's case may proceed against Defendant Krause on his claims for unlawful search and seizure, First Amendment right to record and retaliation, and false arrest.

Defendant Krause shall file an answer to the Amended Complaint on or before February 24, 2026.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 26 and to terminate the Town of Eastchester, Sergeant Richard Biagi, Officer Blume, Officer Brian Donovan, and Officer M. Pascale as defendants herein.

**SO ORDERED.**

Dated:    White Plains, New York
          February 10, 2026

PHILIP M. HALPERN
United States District Judge