![Sokoloff Stern LLP logo]

**SOKOLOFF STERN LLP**

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

ANNEMARIE JONES
AJONES@SOKOLOFFSTERN.COM

June 2, 2026

**By ECF**
Hon. Philip M. Halpern
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:     *Kukaj v. Town of Eastchester, et al.*
        Docket No. 24-CV-8942

Your Honor:

We [...] [...]ction.

Defendant [...] ed. R.

Civ. P. 26( [...] , with

regard to [...] [...]ining

witness's s[...] [...]rwise

identifies [...] [...]pliant

authorizati[...] [...]6 and

May 27, 2[...] [...]solve

these dispu[...] [...]ein.

Pla[...] [...]lame

Steakhouse [...] scale,

Krause, as [...] [...]erson

and his veh[...] [...]intiff,

after Defendant Krause informed him the interaction was being recorded on body-worn cameras,

Plaintiff attempted to record the officers with his cell phone, which Defendant Krause allegedly

confiscated. Plaintiff claims that after stating he intended to file complaints against the officers,

LONG ISLAND   ▪   HUDSON VALLEY

---

Application for entry of a protective order is denied without prejudice to renewal for failure to comply with the Court's Individual Practices Rule 1(I) which requires that the parties "submit to the Court for signature the proposed stipulated confidentiality agreement and protective order available on this Court's Individual Judge's page on the S.D.N.Y. public website" and that "[t]he parties shall not deviate from the Court's form except for good cause shown which shall be set forth in a letter filed via ECF for the Court's consideration."

Defendant's application to compel HIPAA-compliant authorizations from Plaintiff is granted. Plaintiff shall provide to Defendant signed authorizations for the release of his medical records from his general practitioner and Dr. Lawrence Neshiwat. Plaintiff alleges, in his amended complaint, that Defendant caused him to suffer, among other things, "severe emotional harm" and "mental anguish." (Am. Compl. ¶¶ 37, 45, 48). Thus, Plaintiff's medical records are relevant and discoverable. *See, e.g., McConkey v. Churchill School Center*, No. 24-CV-06091, 2025 WL 2390626, at *1 (S.D.N.Y. Aug. 18, 2025) ("It is unfair to allow a plaintiff to make allegations of emotional distress and then deny defendants access to circumstantial evidence that offers a reasonable prospect of corroborating or undermining his claims." (citation modified)).

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 53.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        June 3, 2026

SOKOLOFF STERN LLP

Page 2 of 5

Defendant Krause handcuffed and detained him in a police vehicle for approximately one hour. Plaintiff further alleges  after he refused to forego filing complaints against the officers, he was transported to the police station and charged with menacing and disorderly conduct. Plaintiff alleges the complaining witness never identified him as the individual involved, was intoxicated when making the accusations, and later attempted to withdraw the complaint. By Decision and Order dated February 10, 2026, this Court dismissed all claims against all Defendants except Plaintiff's claims against Defendant Krause for (1) unlawful search and seizure, (2) violation of his First Amendment right to record and retaliation, and (3) false arrest.

**Discovery Issue 1.** Plaintiff seeks the body worn camera footage ("BWC footage") of all officers present at the scene during the January 26, 2023 incident as well as the 911 tape and statements of the complaining witness. There are eighteen (18) BWC footage videos from the scene. Ten (10) BWC footage videos contain the complaining witness's face, statements, and other identifying information, and are the subject of this motion. [1] The complaining witness also made one 911 call and issued two statements. The remaining eight BWC footage videos have been produced to Plaintiff as they do not depict the complaining witness.

Defendants reached out to *pro se* Plaintiff to request a Confidentiality Stipulation and Order. This agreement was first sent to *pro se* Plaintiff on May 7, 2026. Defendant followed up again on May 13, 2026. On May 15, 2026, Plaintiff stated he did not consent to the confidentiality order and would not execute same. The multiple meet and confer conferences that followed were

---

[1] (1) KYLEPARK_BWC2060526_0036873684; (2) NICHOLAS LOUROS_BWC2060518_0035978155; (3) JOHN ROGLIANO_BWC2060360_0042953902; (4) MICHAEL PASCALE_BWC2060739_0050699236; (5) ROBERT KRAUSE_BWC2060653_0047357364; (6) NICHOLASLOUROS 202301260346 RC56 887679358 ; (7) KYLEPARK 202301260346 RC44 894276757; (8) KYLEPARK 202301260346 RC44 894276757; (9) NICHOLASLOUROS 202301260346 RC56 887679358; (10) NICHOLASLOUROS 202301260346 RC56 887679358.

SOKOLOFF STERN LLP

Page 3 of 5

unsuccessful.  A copy of the proposed Confidentiality Stipulation and Order is annexed hereto as

Exhibit A.

Federal Rule of Civil Procedure 26(c) permits a protective order for "good cause," upon

motion and a certification that the movant has conferred or attempted to confer in good faith to

resolve the dispute without court intervention. The rule authorizes the Court to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R.

Civ. P. 26(c). Under Fed. R. Civ. P. 26(c), a confidentiality order is permitted upon a showing of

"good cause," with the burden resting on the movant. To meet this burden, the movant must show a

"clearly defined, specific and serious injury" from disclosure; generalized or conclusory

assertions are insufficient. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984).

Defendant has demonstrated good cause for the issuance of a protective order because the

BWC footage, as well as her 911 call and statements, depict and identify a non-party complaining

witness whose privacy and safety interests outweigh any need for unrestricted disclosure of this

information beyond this litigation. The complaining witness contacted emergency dispatch after

believing Plaintiff possessed a firearm and expressed fear for her safety as well as the safety of her

husband and others. Disclosure of the footage would reveal the witness's identity, appearance,

statements she made to officers, and other identifying information, thereby exposing a civilian

witness to potential harassment, intimidation, or retaliation if the videos were publicly disclosed

and used for purposes outside this litigation. Under these circumstances, limiting dissemination of

the footage, as well as the 911 call and her statements, by these materials being subject to a

Confidentiality Stipulation and Order, is necessary to protect her privacy and safety interests.

As this Court held in *United States v. Palacio*, under the context of Federal Rule of Criminal

Procedure 16, that good cause exists to restrict body-worn camera footage depicting a third party's

SOKOLOFF STERN LLP

Page 4 of 5

home and identity, recognizing a "legitimate privacy interest." *United States v. Palacio*, 2026 WL 575322, at *2 (S.D.N.Y. Mar. 2, 2026) (citing *United States v. Smith*, 985 F Supp 2d 506, 524 (S.D.N.Y. 2013)) ("[C]ourts have recognized that the interests of third parties may justify restrictions on public access to judicial and other documents and materials."); *United States v. Torres*, 2026 WL 948214, at *2 (S.D.N.Y. Apr. 7, 2026) ("Courts have recognized that protecting the privacy interests of third parties may constitute good cause for prohibiting defendants from more widely disseminating BWC footage beyond what is necessary to defend against the Government's charges."); *Besuden v. City of New York*, 21 Civ. 8452, 2022 WL 3867852, at *1 (S.D.N.Y. Aug. 30, 2022) (permitting body-worn camera footage to remain under seal upon the parties' consent to protect the interests of non-party arrestees).

Defendant does not wish to impose a sweeping confidentiality order. As of this date, Defendant has already produced to Plaintiff the BWC footage that does *not* contain the complaining witness. Rather than subjecting all BWC footage to the Confidentiality Stipulation and Order, Defendant is only requesting the BWC footage with the complaining witness to be designated confidential and governed by the proposed Confidentiality Stipulation and Order. As such, Defendant is already engaging in the least restrictive means possible to produce the footage. It is respectfully submitted this Court should permit the entry of the Confidentiality Stipulation and Order to protect, amongst other materials, the BWC footage, her witness statements, and the 911 tape.

**Discovery Issue 2.** Plaintiff's Amended Complaint alleges "severe emotional harm" as a result of the alleged conduct by Defendant. As such, it is submitted he must produce an authorization for his general practitioner medical records and Dr. Lawrence Neshiwat so Defendant may evaluate his alleged emotional damages.

SOKOLOFF STERN LLP

Page 5 of 5

Plaintiff affirmatively placed his medical and emotional condition at issue by alleging severe emotional distress. Accordingly, under Fed. R. Civ. P. 26(a)(1)(A)(iii), he must produce and identify the documents supporting his claimed damages, including materials reflecting the nature and extent of his alleged injuries. Although Plaintiff has provided Defendant with an authorization for his neurologist, he has refused to provide Defendant with an authorization for his general practitioner or Dr. Lawrence Neshiwat, the doctor identified as first providing him with a prescription for his alleged mental health condition following the incident in question.

Courts in this District routinely compel production of medical records in analogous circumstances because such records are directly relevant to the existence, extent, and causation of claimed emotional harm. *See Doe v. Sarah Lawrence Coll.*, 2021 WL 197132 (S.D.N.Y. Jan. 20, 2021) (holding mental health records were discoverable); *Kerman v. City of New York*, 1997 WL 666261 (S.D.N.Y. Oct. 24, 1997) (holding that mental health treatment records, including therapy notes and hospital records, were discoverable). Defendants are entitled to test whether Plaintiff's alleged emotional distress is attributable to Defendants' conduct or other causes, or was ongoing before the incident in question, which necessarily requires access to relevant medical history. *Sarah Lawrence Coll.*, 2021 WL 197132 at *5 (defendants were entitled to obtain relevant mental health records to explore whether plaintiff's alleged distress was actually attributable to defendants' conduct) (citation omitted). This is particularly so where Plaintiff's allegations exceed "garden variety" emotional distress and assert severe psychological injury. *See In re Consol. RNC Cases*, 2009 WL 130178 (S.D.N.Y. Jan. 8, 2009). For these reasons, Defendants submit Plaintiff should be compelled to produce an authorization for his general practitioner and Dr. Lawrence Neshiwat.

Respectfully submitted,

ANNEMARIE JONES

LONG ISLAND     ▪     HUDSON VALLEY