SOKOLOFF STERN LLP

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514 PHONE (516) 334-4500 FAX (516) 334-4501 WWW.SOKOLOFFSTERN.COM

ANNEMARIE JONES
AJONES@SOKOLOFFSTERN.COM

June 5, 2026

**By ECF**
Hon. Philip M. Halpern
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Kukaj v. Town of Eastchester, et al.*
Docket No. 24-CV-8942

Your Honor:

We ... action.
Defendant ... R. Civ.
P. 26(c) w ... ge, the
complainin ... icts or
otherwise ... confer
conference ... ay 29,
2026, and ... pted to
state Plain ... it was
denied wit

Pla ... Flame
Steakhous ... ascale,
Krause, as ... person
and his vel ... aintiff,
after Defe ... meras,
Plaintiff at ... egedly

Application for a protective order (Doc. 56) granted.

Federal Rule of Civil Procedure 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The Court finds that Defendant has shown good cause for issuance of a protective order. Namely, the privacy and security concerns of the non-party complaining witness weigh in favor of issuing a protective order. *See, e.g.*, *Kelly v. City of New York*, No. 01-CV-08906, 2003 WL 548400, at *5 (S.D.N.Y. Feb. 24, 2003) ("The individuals involved are not parties to this action, and are not being charged with wrongdoing in this case, and the Court should therefore make reasonable efforts to guard against disclosure that has the potential to invade their privacy and impair their personal reputations.").

Plaintiff's concern that "it may be necessary for other witnesses to view this footage to substantiate what occurred" is addressed in the Court's Confidentiality Agreement and Protective Order, which allows for disclosure of confidential material to witnesses in certain circumstances. *See* Confidentiality Agreement and Protective Order § 7(f). Plaintiff's other concerns, regarding the alleged conduct of the complaining witness, are irrelevant to the issuance of a protective order.

The Confidentiality Agreement and Protective Order will be separately docketed.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 56 and mail a copy of this order to Plaintiff at his address listed on the docket.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 16, 2026

confiscated. Plaintiff claims that after stating he intended to file complaints against the officers, Defendant Krause handcuffed and detained him in a police vehicle for approximately one hour. Plaintiff further alleges  after he refused to forego filing complaints against the officers, he was transported to the police station and charged with menacing and disorderly conduct. Plaintiff alleges the complaining witness never identified him as the individual involved, was intoxicated when making the accusations, and later attempted to withdraw the complaint. By Decision and Order dated February 10, 2026, this Court dismissed all claims against all Defendants except Plaintiff's claims against Defendant Krause for (1) unlawful search and seizure, (2) violation of his First Amendment right to record and retaliation, and (3) false arrest.

Plaintiff seeks the body worn camera footage ("BWC footage") of all officers present at the scene during the January 26, 2023 incident as well as the 911 tape and statements of the complaining witness. There are eighteen (18) BWC footage videos from the scene. Ten (10) BWC footage videos contain the complaining witness's face, statements, and other identifying information, and are the subject of this motion. [1] The complaining witness also made one 911 call and issued two statements. The remaining eight BWC footage videos have already been produced to Plaintiff as they do not depict the complaining witness.

Defendants reached out to *pro se* Plaintiff to request a Confidentiality Stipulation and Order. This agreement was first sent to *pro se* Plaintiff on May 7, 2026. Defendant followed up again on May 13, 2026. On May 15, 2026, Plaintiff stated he did not consent to the confidentiality

[1] (1) KYLEPARK_BWC2060526_0036873684; (2) NICHOLAS LOUROS_BWC2060518_0035978155; (3) JOHN ROGLIANO_BWC2060360_0042953902; (4) MICHAEL PASCALE_BWC2060739_0050699236; (5) ROBERT KRAUSE_BWC2060653_0047357364; (6) NICHOLASLOUROS 202301260346 RC56 887679358 ; (7) KYLEPARK 202301260346 RC44 894276757; (8) KYLEPARK 202301260346 RC44 894276757; (9) NICHOLASLOUROS 202301260346 RC56 887679358; (10) NICHOLASLOUROS 202301260346 RC56 887679358.

order and would not execute same. The multiple meet and confer conferences that followed were unsuccessful. A copy of the proposed Stipulation Confidentiality Agreement and Protective Order (hereinafter the "Confidentiality Order") is annexed hereto as Exhibit A. It is on the template form used by this Court.

Federal Rule of Civil Procedure 26(c) permits a protective order for "good cause," upon motion and a certification that the movant has conferred or attempted to confer in good faith to resolve the dispute without court intervention. The rule authorizes the Court to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). Under Fed. R. Civ. P. 26(c), a confidentiality order is permitted upon a showing of "good cause," with the burden resting on the movant. To meet this burden, the movant must show a "clearly defined, specific and serious injury" from disclosure; generalized or conclusory assertions are insufficient. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (holding that a Rule 26(c) protective order based on good cause, restricting only information obtained through discovery and allowing free use of the same information if acquired independently, does not violate the First Amendment because courts may regulate discovery to prevent abuse and protect privacy interests).

Defendant has demonstrated good cause for the issuance of a protective order because the BWC footage, as well as her 911 call and statements, depict and identify a non-party complaining witness whose privacy and safety interests outweigh any need for unrestricted disclosure of this information beyond this litigation. The complaining witness contacted emergency dispatch after believing Plaintiff possessed a firearm and expressed fear for her safety as well as the safety of her husband and others. Disclosure of the footage would reveal the witness's identity, appearance, statements she made to officers, and other identifying information, thereby exposing a civilian

witness to potential harassment, intimidation, or retaliation if the videos were publicly disclosed and used for purposes outside this litigation. Under these circumstances, limiting dissemination of the footage, as well as the 911 call and her statements, by these materials being subject to a Confidentiality Order, is necessary to protect her privacy and safety interests.

As this Court held in *United States v. Palacio*, under the context of Federal Rule of Criminal Procedure 16, that good cause exists to restrict body-worn camera footage depicting a third party's home and identity, recognizing a "legitimate privacy interest." *United States v. Palacio*, 2026 WL 575322, at *2 (S.D.N.Y. Mar. 2, 2026) (citing *United States v. Smith*, 985 F Supp 2d 506, 524 (S.D.N.Y. 2013)) ("[C]ourts have recognized that the interests of third parties may justify restrictions on public access to judicial and other documents and materials."); *United States v. Torres*, 2026 WL 948214, at *2 (S.D.N.Y. Apr. 7, 2026) ("Courts have recognized that protecting the privacy interests of third parties may constitute good cause for prohibiting defendants from more widely disseminating BWC footage beyond what is necessary to defend against the Government's charges."); *Besuden v. City of New York*, 21 Civ. 8452, 2022 WL 3867852, at *1 (S.D.N.Y. Aug. 30, 2022) (permitting body-worn camera footage to remain under seal upon the parties' consent to protect the interests of non-party arrestees).

Defendant does not wish to impose a sweeping confidentiality order. As of this date, Defendant has already produced to Plaintiff the BWC footage that does *not* contain the complaining witness. Rather than subjecting all BWC footage to the Confidentiality Order, Defendant is only requesting the BWC footage with the complaining witness to be designated confidential and governed by the proposed Confidentiality Order. As such, Defendant is already engaging in the least restrictive means possible to produce the footage. It is respectfully submitted

this Court should permit the entry of the Confidentiality Order to protect, amongst other materials, the BWC footage, her witness statements, and the 911 tape.

Respectfully submitted,

ANNEMARIE JONES