SOKOLOFF STERN LLP

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514 PHONE (516) 334-4500 FAX (516) 334-4501 WWW.SOKOLOFFSTERN.COM

Plaintiff is directed to respond to Defendant's letter (Doc. 63) on or before August 12, 2026.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff at his address listed on the docket.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
August 6, 2026

August 5, 2026

**Via ECF**
The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Kukaj v. Town of Eastchester, et al.*
Docket No. 24-CV-8942
File No. 230108

Dear Judge Halpern:

We represent Defendant Sergeant Krause ("Defendant") in the above-referenced matter. Defendant respectfully submits this letter motion seeking (1) a premotion discovery conference pursuant to Local Rule 37.2 if the Court so desires, (2) an Order compelling *pro se* Plaintiff ("Plaintiff") to appear for the continuation of his deposition pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, and (3) an extension of the fact discovery deadline to October 13, 2026, to coincide with the current deadline for all discovery of October 13, 2026. Defendant has complied with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.2 through a telephone conference on August 4, 2026 with Plaintiff, and subsequent emails, but the parties were unable to resolve this dispute.

Plaintiff's deposition commenced on May 29, 2026. The deposition lasted approximately three hours, exclusive of breaks, but could not be completed due to a then-pending dispute concerning the confidentiality of body-worn camera footage from numerous officers present at the scene in question. *See* Exhibit A, Deposition Transcript. Because that dispute remained unresolved at the time of the deposition, defense counsel was unable to play the videos and question Plaintiff regarding the body-worn camera footage, which is central to the claims and defenses in this action. Plaintiff insisted on going forward on May 29, 2026, despite the then-unresolved dispute because of an upcoming vacation.

On July 16, 2026, the Court resolved the confidentiality dispute and entered its ruling regarding the body-worn camera footage. (Dkts. 61, 62.) Thereafter, Plaintiff executed the required Confidentiality Agreement on July 22, 2026, thereby removing the impediment to completing his deposition.

Following Plaintiff's execution of the Confidentiality Agreement, counsel for Defendant attempted to schedule the continuation of Plaintiff's deposition. On August 4, 2026, the parties met and conferred by telephone in an effort to resolve the issue without Court intervention. During that conference, Plaintiff unequivocally refused to appear for the continuation of his deposition and insisted the undersigned write the Court.

The continuation of Plaintiff's deposition is necessary and proportional to the needs of this case. The primary purpose of the continued deposition is to present Plaintiff with the body-worn camera footage that is now available for use pursuant to the Court's Orders and to question him regarding the events depicted therein. Because the confidentiality issue prevented Defendant from addressing this evidence during the initial deposition, Defendant has not had a fair opportunity to examine Plaintiff concerning evidence that is relevant to his claims and Defendant's defenses. Accordingly, Defendant respectfully requests that the Court issue an order compelling Plaintiff to appear for the continuation of his deposition at a mutually agreeable date and time.

Defendant further requests that the Court authorize the continued deposition for up to (4) hours of on-the-record testimony, exclusive of breaks, pursuant to Federal Rule of Civil Procedure 30(d)(1). This request is reasonable given that Plaintiff's initial deposition lasted only approximately three hours and was interrupted solely because of the unresolved confidentiality issue—not because Defendant had completed his examination. Defendant is entitled to the presumptive seven hours of deposition time. Fed. R. Civ. Pro. 30(d)(1).

Finally, Defendant respectfully requests an extension of the deadline to complete fact discovery from August 28, 2026, to October 13, 2026. This is the first request for an extension of time to complete discovery. The current deadline for the completion of all discovery is October 13, 2026. Defendant requests that the fact discovery deadline be extended to October 13, 2026, so that it coincides with the overall discovery deadline. This extension will allow the parties, if necessary, to complete any remaining fact depositions during September 2026. Despite our best efforts, it is unclear if *pro se* Plaintiff consents to this scheduling request.

We thank the Court for its time and consideration.

Respectfully submitted,

SOKOLOFF STERN LLP

ANNEMARIE JONES

cc: Via ECF and Regular Mail

Ismet Kukaj
Plaintiff Pro Se
23 Sunnyside Terrace
Eastchester, New York 10709